UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.:

RUBEN A. SEBASTIAN,

        Plaintiff,

v.

LIEUTENANT JAVIER ORTIZ, Badge # 5418, in his
individual capacity as an officer with the City
of Miami Police Department, JAY GROSSMAN,
Badge # 2559, in his individual capacity as an officer
with the City of Miami Police Department,
DANIEL CROCKER, Badge # 1246, in his individual
capacity as an officer with the City of Miami
Police Department, and JOHN DOE, in his individual
capacity as an officer with the City of Miami Police
Department, whose identity is presently unknown to Plaintiff,

        Defendants.

_____/

## COMPLAINT

Plaintiff, RUBEN A. SEBASTIAN, sues Defendants, LIEUTENANT JAVIER ORTIZ, and JAY GROSSMAN, DANIEL CROCKER, and JOHN DOE for damages, jointly and severally, demands trial by jury, and alleges:

### Introduction

1. On July 7, 2015, Plaintiff, RUBEN SEBASTIAN, was stopped for speeding while driving in the City of Miami, and thereafter subjected to an unlawful search, detention, arrest, and prosecution, as the Defendant officers of the City of Miami Police Department had no reasonable suspicion, probable cause, or arguable probable cause to search Plaintiff's vehicle, and found no unlawful items in his vehicle. All criminal charges were dropped. Plaintiff files this action to assert violations of his First and Fourth

Amendments, as made applicable to the states through the Fourteenth Amendment, under 42 U.S.C. §§ 1983 and 1988, as well as tort claims under Florida law.

## Jurisdiction

2. This action is brought pursuant to 42 U.S.C. §§1983 and 1988, the First, Fourth, and Fourteenth Amendments to the United States Constitution, and the tort laws of Florida. Jurisdiction is founded on 28 U.S.C. §§1331, 1343, 42 U.S.C. §1988, and under the tort law of Florida. Supplemental jurisdiction, and joinder of parties for additional state law claims, is proper pursuant to 28 U.S.C. §1367(a) because they form part of the same case or controversy. Plaintiffs assert multiple state tort law claims.

3. All conditions precedent under Florida law for the filing of state law claims have been satisfied.

## Demand for Trial by Jury

4. Plaintiff demands trial by jury on all issues.

## Parties

5. The Plaintiff RUBEN A. SEBASTIAN ("SEBASTIAN"), at all times material hereto, has been a resident of Miami-Dade County, Florida, over the age of eighteen years and otherwise able to sue in his own capacity.

6. Defendant LIEUTENANT JAVIER ORTIZ ("ORTIZ"), Badge # 5418, is a duly appointed law enforcement officer of the City of Miami Police Department, at all times material hereto acting under color of law, to wit: under the color of statutes, ordinances, regulations, policies, practices, customs and usages of the City of Miami Police Department, and/or the State of Florida. Defendant ORTIZ is being sued in his individual capacity.

2

7.      Defendant JAY GROSSMAN ("GROSSMAN"), Badge # 2559, is a duly appointed law enforcement officer of the City of Miami Police Department, at all times material hereto acting under color of law, to wit: under the color of statutes, ordinances, regulations, policies, practices, customs and usages of the City of Miami Police Department, and/or the State of Florida. Defendant GROSSMAN is being sued in his individual capacity.

8.      Defendant DANIEL CROCKER ("CROCKER"), Badge # 1246, is a duly appointed law enforcement officer of the City of Miami Police Department, at all times material hereto acting under color of law, to wit: under the color of statutes, ordinances, regulations, policies, practices, customs and usages of the City of Miami Police Department, and/or the State of Florida. Defendant CROCKER is being sued in his individual capacity.

9.      Defendant JOHN DOE ("DOE"), whose identity is currently unknown to Plaintiff, is believed to be a duly appointed law enforcement officer of the City of Miami Police Department, at all times material hereto acting under color of law, to wit: under the color of statutes, ordinances, regulations, policies, practices, customs and usages of the City of Miami Police Department, and/or the State of Florida. Defendant JOHN DOE is being sued in his individual capacity. Plaintiff believes that this Defendant's identity will be positively determined during the course of discovery.

## General Allegations of Fact

10.     On or about July 7, 2015 Plaintiff SEBASTIAN was driving a Chevrolet HHR station wagon along Rickenbacker Causeway within the City of Miami, when he was directed to pull his vehicle to the side of the road by Defendant GROSSMAN for a traffic

related investigation. At the time GROSSMAN was acting under the color of law while engaged in his discretionary duties as a law enforcement officer for the City of Miami.

11.     The vehicle Plaintiff SEBASTIAN was driving was his own vehicle, however at the time he was operating as a delivery person for Unloath Corp., a grocery delivery service. The vehicle was clearly marked and identifiable with the insignia of the Unloath Corp. delivery service.

12.     Defendant GROSSMAN approached SEBASTIAN'S driver's window and stated to SEBASTIAN, who remained seated in the vehicle, that he believed SEBASTIAN had exceeded the speed limit. GROSSMAN then also noted that because of the window tinting on the rear windows he could not see inside the rear compartment of the vehicle. At the time of this encounter, the front seat windows in SEBASTIAN'S vehicle were rolled down, rendering the interior of the vehicle easily visible.

13.     Defendant GROSSMAN then stated to SEBASTIAN that he wished to search the rear compartment of the delivery vehicle. SEBASTIAN refused permission for the search of his vehicle in the absence of a warrant. At the time GROSSMAN was not presented with any conditions or circumstances from which any reasonable person would conclude that there existed any degree of suspicion that his safety or that of any other person was threatened or in any jeopardy of harm. Moreover, Mr. SEBASTIAN said no word, nor acted in any fashion that might cause GROSSMAN to fear for his safety.

14.     From his position standing outside the driver's door GROSSMAN could see into the rear portion of the vehicle clearly enough to exclude the presence of any other person, or circumstances, that might give rise to any fear for his safety.

15.     GROSSMAN'S reason(s) for determining to search the vehicle is/are unknown to

SEBASTIAN. However, any claim then, or now, that a search of the vehicle was necessary for "officer safety," was/is false.

16. There existed no probable cause, or arguable probable cause, to conduct a warrantless search of the vehicle.

17. Defendant GROSSMAN'S decision to conduct a warrantless search of SEBASTIAN'S vehicle was objectively unreasonable and in violation of SEBASTIAN'S constitutionally protected right against unreasonable searches and seizures guaranteed to him by the United States Constitution.

18. When SEBASTIAN refused to allow the unlawful search GROSSMAN summoned his supervisor ORTIZ.

19. While waiting for ORTIZ to arrive GROSSMAN detained SEBASTIAN without any articulable suspicion of criminal activity. Consequently, GROSSMAN'S detention of SEBASTIAN during this period of time was illegal and constituted false imprisonment. Having no legal suspicion or cause upon which to detain SEBASTIAN after the initial stop GROSSMAN was obliged to allow SEBASTIAN to go on his way after issuing him a traffic citation.

20. Upon arriving at the scene of the stop ORTIZ also wrongfully demanded to conduct a warrantless search of the vehicle. After SEBASTIAN again lawfully refused to submit to an unreasonable and warrantless search ORTIZ determined to remove SEBASTIAN from the vehicle.

21. Upon being removed from his vehicle SEBASTIAN was forcibly restrained by City of Miami police officer, JOHN DOE, who had also arrived on the scene, by being pressed face down on the hood of a police vehicle and placed in metal handcuffs. JOHN

DOE placed the cuffs on SEBASTIAN in a manner intended to cause pain and injury.

22.     While being bent over the hood of the police vehicle SEBASTIAN continued to object to the search of his vehicle, stating to ORTIZ and GROSSMAN that a warrant was required before they could conduct a search. ORTIZ and/or GROSSMAN responded to these statements of protest by derisively mocking SEBASTIAN, asking him if he was a "YouTube Lawyer," and "constitutionalist." ORTIZ and/or GROSSMAN stated in an imperious and high-handed manner they "didn't need a warrant."

23.     As they began the search – removing groceries from the rear of the vehicle and tossing them on the ground – ORTIZ and/or GROSSMAN asked SEBASTIAN whether there were any weapons in the vehicle. SEBASTIAN advised that there was a firearm inside the car. When asked whether he had a permit to carry a firearm SEBASTIAN indicated that he did, and that the permit was plainly obvious as it was hanging from the rearview mirror and was observable to the officers throughout the encounter.

24.     Plaintiff SEBASTIAN was at the time employed full-time as a security guard by Miami-Dade Transit in its Metro Rail system, and at all times material hereto was licensed and permitted to possess and carry a firearm. SEBASTIAN stated to GROSSMAN initially at the time of the stop that he worked as an armed guard for Miami-Dade County because he was due at his post in approximately an hour to an hour and a half.

25.     Upon being advised that there was a firearm inside the vehicle ORTIZ entered and began to look inside. Unable to locate the firearm he asked SEBASTIAN where it was. SEBASTIAN advised that it was located inside the driver's door side pocket. The firearm was then located in its holster in the side pocket.

6

26. Upon retrieving the firearm ORTIZ and/or GROSSMAN then stated with malicious intent to SEBASTIAN that he would not that day, or ever, return to his job with Miami-Dade County. ORTIZ then determined to falsely arrest SEBASTIAN for the offense of reckless display of a firearm, this being the firearm ORTIZ was unable to locate without the assistance of SEBASTIAN telling him where it was located.

27. In furtherance of the illegal arrest ORTIZ directed that Defendant CROCKER, who had arrived at the scene, place SEBASTIAN in his police vehicle for transportation to the police station. Defendant DOE then removed the metal handcuffs from SEBASTIAN'S wrists and replaced them with plastic "flexi-cuffs" again intentionally tightening the cuffs in a manner intended to cause pain and further injury.

28. Once SEBASTIAN was placed inside the police vehicle CROCKER then raised all the windows leaving SEBASTIAN inside. The Defendants then purposely left SEBASTIAN inside the police vehicle. As the temperature inside the police vehicle began to rise in the summer heat SEBASTIAN became unable to breathe and began begging CROCKER to open the door or window. Seeing that SEBASTIAN was in physical distress CROCKER conceded by rolling a rear window down one to two inches. SEBASTIAN also begged to have the flexi-cuffs loosened as they were so tight he began to lose feeling in his hands. CROCKER refused.

29. The temperature in the police vehicle remained at a dangerous level and SEBASTIAN suffered heat exhaustion, delirium and extreme emotional distress. SEBASTIAN was maliciously forced to remain inside the sweltering car under conditions that were obviously dangerous.

30. Despite the fact that the continued search of the vehicle revealed no contraband

SEBASTIAN and there was no probable cause for an arrest SEBASTIAN was transported to the police station. His car was towed away.

31.     The Defendants lodged three criminal charges against SEBASTIAN: Resisting or Obstructing an Officer Without Violence (two counts), and Reckless Display of a Firearm. These charges were false and as there was no arguable probable cause to support them. The decision to arrest SEBASTIAN on any criminal charge was objectively unreasonable, and the result of plain incompetence and/or deliberate indifference to SEBASTIAN'S constitutional rights.

32.     SEBASTIAN remained falsely imprisoned at the City of Miami Police Department for over five (5) hours, handcuffed behind his back, until he was given a Notice To Appear in court and released.

33.      On or about August 14, 2015 the prosecuting authority for Miami-Dade County abandoned all criminal charges against SEBASTIAN based on the falsity of the charges and/or the failure of the Defendants to cooperate with the prosecution.

34.      At all times material hereto the actions of ORTIZ and GROSSMAN were demonstrably motivated by legal and/or actual malice and/or bad faith, and exhibited a willful disregard for SEBASTIAN'S rights.

35.     In particular it is obvious that ORTIZ'S and GROSSMAN'S actions were taken in retaliation against SEBASTIAN because he asserted his constitutional right to refuse a warrantless and unjustified search of the vehicle he was driving.

36.     ORTIZ and GROSSMAN were bound to operate within the law and seek a search warrant based on probable cause if it did exist, or otherwise refrain from any search in the absence of any exigent circumstances, which were not present here.

37. As a direct and proximate result of the joint actions of ORTIZ and GROSSMAN in falsely arresting SEBASTIAN his employment with Miami-Dade County was terminated. Moreover, as a direct and proximate result of these Defendants' unlawful actions SEBASTIAN has been unable to find employment as an armed security guard for any employer. As a result, SEBASTIAN has suffered both reputational and economic harm.

38. Again, at no time material hereto, throughout the entire encounter between ORTIZ, GROSSMAN, CROCKER and SEBASTIAN, were the Defendants presented with any circumstances from which they could reasonably or arguably conclude that SEBASTIAN threatened their safety. Moreover, at no time material hereto did there exist any circumstances from which any of the Defendants might reasonably or arguably conclude that probable cause existed to conduct a warrantless search of the vehicle.

## Count I
### False Imprisonment/Arrest – State Tort
**(Defendants ORTIZ and GROSSMAN)**

39. Plaintiff incorporates paragraphs 1 -38 as if specifically pled herein.

40. The initial detention of SEBASTIAN by GROSSMAN after he summoned ORTIZ, and the subsequent detention of SEBASTIAN by Defendants ORTIZ and/or GROSSMAN, was illegal as it was beyond the scope and time necessary to issue a traffic citation.

41. The removal of SEBASTIAN from his vehicle, and forced placement over the hood of a police car, face down, was without any legitimate basis and constitutes false imprisonment as neither ORTIZ nor GROSSMAN had any articulable suspicion of

criminal activity or legitimate belief that such action was necessary for their own safety.

42.     The formal arrest and imprisonment of SEBASTIAN for the offenses related to obstruction and display of a firearm was plainly incompetent. No reasonable officer would have concluded that probable cause or arguable probable cause existed to support the arrests.

43.     The Defendants' initial detention, removal from the vehicle, and subsequent arrest of SEBASTIAN, were willful, wanton, malicious, and/or outside the course and scope of their employment.

44.     As a direct and proximate result of the illegal detention and false imprisonment of SEBASTIAN by ORTIZ and/or GROSSMAN he suffered loss of income, reputational damage resulting in loss of future earning capacity, and physical and emotional harm.

   **WHEREFORE** Plaintiff SEBASTIAN seeks entry of this Court's order of final judgment against Defendants GROSSMAN and ORTIZ, jointly and severally for all damages incurred, costs, and such other relief that the Court deems just and proper.

### Count II
### False Imprisonment/Arrest – Fourth Amendment - 42 U.S.C. §1983
### (Defendants ORTIZ and GROSSMAN)

45.     Plaintiff hereby incorporates paragraphs 1-38 as if specifically pled herein.

46.     At all times material hereto the detention and/or imprisonment of SEBASTIAN by Defendants ORTIZ and/or GROSSMAN was objectively unreasonable, violated a clearly established constitutional right, and was the result of plain incompetence and/or deliberate indifference to his (SEBASTIAN'S) rights.

47.     More specifically, the actions of the Defendants in detaining SEBASTIAN beyond the scope and time necessary to conduct a traffic-related investigation as

described above, removing him by force from his car, and effecting his arrest and imprisonment were in violation of clearly established law that in the absence of a warrant and probable cause the extended detention, arrest, and imprisonment were unlawful.

48.     As a direct and proximate result of the illegal detention and false imprisonment of SEBASTIAN by ORTIZ and/or GROSSMAN he suffered loss of income, reputational damage resulting in loss of future earning capacity, and physical and emotional harm.

**WHEREFORE** Plaintiff SEBASTIAN seeks entry of this Court's order of final judgment against Defendants GROSSMAN and ORTIZ, jointly and severally for all damages incurred, attorney's fees, costs, and such other relief that the Court deems just and proper.

**Count III
Malicious Prosecution – State Tort
(Defendants ORTIZ and GROSSMAN)**

49.     Plaintiff hereby incorporates paragraphs 1 -38 as if specifically pled herein.

50.     As a direct and proximate result of the illegal arrest of the Plaintiff SEBASTIAN, a criminal case was commenced against him in Miami-Dade County (case number M-15-024049) on or about July 20, 2015 .

51.     That case was terminated in favor of SEBASTIAN on or about August 14, 2015.

52.     The actions of Defendants ORTIZ and/or GROSSMAN were without any legal justification such that they constituted malice.

53.     As a direct and proximate result of the illegal detention and false imprisonment of SEBASTIAN by ORTIZ and/or GROSSMAN he suffered loss of income, reputational damage resulting in loss of future earning capacity, and physical and emotional harm.

**WHEREFORE** Plaintiff SEBASTIAN seeks entry of this Court's order of final

judgment against Defendants GROSSMAN and ORTIZ, jointly and severally for all damages incurred, costs, and such other relief that the Court deems just and proper.

### Count IV
### Illegal Search of Vehicle – Fourth Amendment - 42 U.S.C. §1983
### Defendants ORTIZ and GROSSMAN

54. Plaintiff hereby incorporates paragraphs 1 -38 as if specifically pled herein.

55. At no time did there exist probable cause to conduct an interior search of SEBASTIAN'S vehicle.

56. From their position outside the vehicle ORTIZ and/or GROSSMAN could clearly and definitively see that there were no other persons inside, and that there existed no circumstances which might cause them to fear for their safety.

57. Any claim by ORTIZ and/or GROSSMAN that the tinting on the windows of the vehicle obstructed their view into the rear compartment is belied by the obvious ability of any reasonably sighted person to look behind the driver through either of the rolled down front seat windows into the rear area.

58. These Defendants determined to search the vehicle without having any reasonable articulable suspicion of criminal activity. Moreover, any search conducted at or after the time of arrest, purported to be incident to arrest, was illegal in that the detention and arrest were themselves illegal. In fact, it is apparent that SEBASTIAN'S arrest was simply a ruse so the Defendants could search the vehicle, to "teach SEBASTIAN a lesson" for asserting his constitutional rights.

59. As a direct and proximate result of the illegal search of SEBASTIAN'S vehicle by ORTIZ and/or GROSSMAN he suffered loss of income, and damage to property.

**WHEREFORE** Plaintiff SEBASTIAN seeks entry of this Court's order of final

judgment against Defendants GROSSMAN and ORTIZ, jointly and severally for all damages incurred, attorney's fees, costs, and such other relief that the Court deems just and proper.

### Count V
### Excessive Use of Force – Fourth Amendment - 42 U.S.C. §1983
### (Defendant JOHN DOE)

60. Plaintiff hereby incorporates paragraphs 1 - 38 as if specifically pled herein.

61. At the instruction of ORTIZ, SEBASTIAN was physically restrained and taken into formal custody by DOE.

62. Defendant DOE then handcuffed SEBASTIAN behind his back, purposely employing the restraints in a manner intended to cause significant pain and discomfort.

63. By doing so DOE caused constriction of the blood circulation, as well as nerve damage, in one or both of SEBASTIAN'S hands and/or upper extremities resulting in temporary and permanent loss of sensation.

64. At no time during the events giving rise to this action did SEBASTIAN commit any act, motion or gesture to oppose any member of the Miami Police Department, any police officer, or any other person, that might reasonably have been interpreted or perceived as a threat to their safety, health or well-being.

65. The extent of force used by DOE to restrain SEBASTIAN was excessive and objectively unreasonable, and/or done with malicious intent.

66. SEBASTIAN repeatedly requested of the Defendants ORTIZ, GROSSMAN, CROCKER and/or DOE that the handcuffs be loosened, however each request was either ignored or refused.

67. Several hours later, at the City of Miami Police Department, a separate processing

officer examined the injury being caused by the handcuffs and loosened them.

68.     As a direct and proximate result of the force used by DOE in restraining SEBASTIAN, SEBASTIAN suffered extreme pain and suffering, as well as temporary and/or permanent physical injury.

WHEREFORE Plaintiff SEBASTIAN seeks entry of this Court's order of final judgment against Defendant DOE for all damages incurred, attorney's fees, costs, and such other relief that the Court deems just and proper.

### Count VI
### Intentional Infliction of Emotional Distress – State Tort
### (Defendants ORTIZ, GROSSMAN and CROCKER)

69.     Plaintiff hereby incorporates paragraphs 1 -38 as if specifically pled herein.

70.     The actions of Defendants ORTIZ and/or GROSSMAN in determining to arrest SEBASTIAN were an unlawful and corrupt abuse and usurpation of their sworn oaths to uphold the laws of the State of Florida and the United States.

71.     By their very nature such actions tear at the fabric of a democracy based on rule of law and due process of law.

72.     After he was placed under arrest CROCKER intentionally and maliciously force SEBASTIAN to sit inside the rear of a City of Miami Police vehicle under circumstances which were life-threatening.

73.     This vehicle was an older model car, the back seat of which was being used at the time to store automobile tires, tire irons and other car parts. Because there was not sufficient space for SEBASTIAN to sit normally, he was forced to position his body in a bent and awkward manner causing further inability to breathe.

74.     Outrageously, CROCKER purposely either rolled the windows of the vehicle up,

or failed to lower them sufficiently, with the intent to cause SEBASTIAN to remain in a closed and marginally ventilated space with the temperature rapidly rising. This situation was dangerous and likely to cause death or great bodily harm. SEBASTIAN suffered heat exhaustion and delirium.

**WHEREFORE** Plaintiff SEBASTIAN seeks entry of this Court's order of final judgment against Defendants ORTIZ, GROSSMAN and CROCKER, jointly and severally for all damages incurred, costs, and such other relief that the Court deems just and proper.

<u>**COUNT VII**</u>
<u>**First Amendment Retaliation - 42 U.S.C. § 1983**</u>
**(Defendants ORTIZ and GROSSMAN)**

75. Plaintiff hereby incorporates paragraphs 1 -38 as if specifically pled herein.

76. SEBASTIAN's repeated verbal objections to the search of his vehicle, in which he made reference to his constitutional rights did not constitute "fighting words" and constituted protected speech under the First Amendment.

77. Following SEBASTIAN's objections to the search of his vehicle, Defendants ORTIZ and GROSSMAN proceeded to conduct an unlawful search of

78. Following SEBASTIAN's objections to the search of his vehicle, Defendants ORTIZ and GROSSMAN proceeded to conduct an unlawful search of SEBASTIAN's vehicle without probable cause or arguable probable cause; to mock him as a "YouTube lawyer" and "constitutionalist"; to tell him he would never again work at his job with Miami-Dade County; and to arrest him without probable cause or arguable probable cause.

79. ORTIZ's and GROSSMAN's retaliatory actions would deter a person of ordinary

firmness from exercising his First Amendment right to object to unlawful police actions in the future.

80. A retaliatory motive may be inferred from this sequence of events, such that there is a causal connection between ORTIZ's and GROSSMAN's retaliatory actions and SEBASTIAN's protected speech.

81. As a direct and proximate result of the actions of ORTIZ and/or GROSSMAN SEBASTIAN suffered loss of income, reputational damage resulting in loss of future earning capacity, and physical and emotional harm.

**WHEREFORE** Plaintiff SEBASTIAN seeks entry of this Court's order of final judgment against Defendants GROSSMAN and ORTIZ, jointly and severally for all damages incurred, attorney's fees, costs, and such other relief that the Court deems just and proper.

## COUNT VIII
### Supervisory Liability - Directing Unlawful Acts - Fourth Amendment - 42 USC § 1983
**(Defendant ORTIZ)**

82. Plaintiff hereby incorporates paragraphs 1 -38 as if specifically pled herein.

83. Defendant ORTIZ directed unlawful acts by doing the following: (1) ordering SEBASTIAN's arrest and/or detention while Defendants conducted an unlawful search of SEBASTIAN's car without probable cause or arguable probable cause;  (2) ordering that SEBASTIAN be arrested and handcuffed without probable cause or arguable probable cause.

84. Defendant ORTIZ's direction of the detention and arrest of SEBASTIAN was the proximate cause of the deprivation of Plaintiff's Fourth Amendment right to be free from unlawful arrest and detention without probable cause and arguable probable cause.

85.     As a direct result of the Defendant's Order, Plaintiff suffered loss of income, reputational damage resulting in loss of future earning capacity, and physical and emotional harm.

**WHEREFORE** Plaintiff SEBASTIAN seeks entry of this Court's order of final judgment against Defendant ORTIZ for all damages incurred, attorney's fees, costs, and such other relief that the Court deems just and proper.

### COUNT IX
### Supervisory Liability - Failure to Stop Unlawful Acts - Fourth Amendment - 42 USC § 1983
**(Defendant ORTIZ)**

86.     Plaintiff hereby incorporates paragraphs 1 -38 as if specifically pled herein.

87.     Defendant ORTIZ was present when Plaintiff's hands were being restrained too tightly in handcuffs.

88.     Defendant ORTIZ heard Plaintiff's repeated requests for a loosening of the handcuffs, but ignored these requests and did not direct that the handcuffs be loosened by other Defendants present.

89.     Defendant ORTIZ's failure to stop the continued use of excessively tight restraints on SEBASTIAN proximately caused the deprivation of Plaintiff's Fourth Amendment right to be free of use of excessive force.

90.     As a direct result of the Defendant's inaction, Plaintiff suffered physical and emotional harm.

**WHEREFORE** Plaintiff SEBASTIAN seeks entry of this Court's order of final judgment against Defendant ORTIZ for all damages incurred, attorney's fees, costs, and such other relief that the Court deems just and proper.

*Respectfully submitted* this 9th day of February, 2016

*s/ David A. Frankel*
David A. Frankel, Esq.

**Law Offices of David A. Frankel, P.A.**
20 South East 20th Street
Fort Lauderdale. Florida 33315
(954) 683-0300
Fla. Bar Number 741779
david@BlueLotusLaw.com
Service@BlueLotusLaw.com